COMMONWEALTH *vs.* NEIL MCGUIRE. April 10, 1985. *Practice, Criminal*, Grand jury proceeding. *Grand Jury*.

The defendant, convicted of armed robbery, argues on appeal that the trial judge erred in denying his pretrial motion to dismiss the indictment. The defendant contends that the Commonwealth's failure to present certain exculpatory evidence to the grand jury impaired the integrity of those proceedings. There was no error.

The victim was held up by two males in Cambridge on September 14, 1981. A few minutes after the robbery, a short distance from where it occurred, the victim identified the defendant and another as the two individuals who had robbed him. The identification was based largely on the clothing they were wearing and their height. In the defendant's possession was a knife, identified by the victim as the knife used in the robbery, and money in denominations similar to that which was taken from the victim in the robbery. Approximately five weeks later, the victim viewed a lineup of the defendant and five other black males. The victim selected an individual other than the defendant as the one who most closely resembled one of the two robbers.

The victim was the only witness testifying before the grand jury. He was not asked about, and did not tell the grand jurors, what had transpired at the lineup. "Prosecutors are not required in every instance to reveal all exculpatory evidence to a grand jury." *Commonwealth* v. *McGahee*, 393 Mass. 743, 746 (1985). Accord *Commonwealth* v. *O'Dell*, 392 Mass. 445,

447 (1984); *Commonwealth* v. *Connor*, 392 Mass. 838, 854 (1984). The issue is whether the withheld evidence "would greatly undermine the credibility of evidence likely to affect the grand jury's decision to indict" or whether withholding the evidence "would distort the identification evidence presented to the grand jury." *Commonwealth* v. *McGahee, supra* at 746-747.

This case involves the omission of potentially exculpatory evidence. A District Court judge found probable cause and a jury found beyond a reasonable doubt that the defendant was guilty, however, in both instances having been told of the misidentification at the lineup. It is unlikely, therefore, that the omission affected the victim's credibility in such a way as to influence the grand jury's decision to indict. Compare *Commonwealth* v. *Connor, supra*. Nor did the omission result in a distortion of evidence amounting to an impairment of the integrity of the proceeding. Compare *Commonwealth* v. *O'Dell, supra*. The original identification was close in time and place to the crime and was based more on clothing and height than on facial features. The defendant's possession of the knife and the money strengthened the reliability of the identification. The lineup took place five weeks later, with the participants seated, and undoubtedly wearing clothing different from what the robber wore on the evening in question. In these circumstances, the omission did not distort the truth or tend significantly to negate guilt.

*Judgment affirmed.*

*George Hassett* for the defendant.

*Margot Botsford*, Assistant District Attorney, for the Commonwealth.